**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 05 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50045 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01061-SJO-2 |
| v. | |
| JAVIER JUANCHI, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted October 20, 2015
Pasadena, California

Before: RAWLINSON and NGUYEN, Circuit Judges and BOULWARE,**
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Richard F. Boulware, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

Javier Juanchi appeals his 135-month sentence imposed by the district court after he pled guilty to two counts of mail fraud in violation of 18 U.S.C. § 1341. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Juanchi's first claim is that he received ineffective assistance of counsel because his defense counsel failed to investigate the loss amount applicable under U.S.S.G. § 2B1.1(b)(1) prior to Juanchi's first sentencing hearing and then agreed to continue his sentencing in spite of the government's statement that, if the hearing was continued, it would seek to present evidence that would significantly increase the loss amount. We decline to address this claim on direct appeal, as the record is insufficiently developed and it is not obvious that Juanchi was denied his Sixth Amendment right to counsel. *See United States v. Liu*, 731 F.3d 982, 995 (9th Cir. 2013) ("As a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal.").

2. Second, Juanchi argues that the district court erred in imposing a two-level sentencing enhancement under U.S.S.G. § 2B1.1(b)(11)(C)(i) for the unauthorized transfer or use of one means of identification to produce another. A district court's application of the Federal Sentencing Guidelines is reviewed for abuse of discretion. *United States v. Christensen*, 732 F.3d 1094, 1100 (9th Cir. 2013). Here, Juanchi obtained straw borrowers' consent to use their identifying

information by representing that they would be "lending their credit" to distressed homeowners by co-signing on refinancing loan applications, when in fact the identifying information was used to purchase homeowners' properties. The district court therefore did not abuse its discretion in finding that Juanchi's use of the straw borrowers' identifying information was unauthorized and in applying the two-level enhancement under Section 2B1.1(b)(11)(C)(i) of the Guidelines, because Juanchi obtained the straw borrowers' identifying information through misrepresentations as to how he would use it.

**AFFIRMED.**